[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13614
Non-Argument Calendar
_____

D.C. Docket No. 2:98-cr-00108-LSC-TMP-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BACKARI MACKEY,
a.k.a. Bakari Mackey,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(April 28, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Bakari Mackey appeals *pro se* the denial of his motion to reconsider his

request to enforce an order that suspended the collection of a fine imposed against

him in a criminal action. After entry of that order, the Department of Justice classified Mackey's fine as past due and referred his debt to the Department of the Treasury, which later seized the proceeds of a settlement that Mackey had received in a civil action. Mackey moved to enforce the order that suspended collection of his fine, to terminate the referral as erroneous, and to recover the settlement proceeds. The district court denied Mackey's motion and ruled that the government was entitled to seize the settlement proceeds under a statute that requires an inmate to reduce an outstanding fine with funds he receives "from any source." 18 U.S.C. § 3664(n). Mackey filed a motion to reconsider and repeated his argument that the referral was erroneous, but the district court summarily denied the motion. We vacate the order denying Mackey's motion to reconsider, and we remand for the district court to consider Mackey's argument to terminate the referral.

We review an order denying a motion for reconsideration for abuse of discretion. *Equity Inv. Partners, LP v. Lenz*, 594 F.3d 1338, 1342 (11th Cir. 2010). "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

The district court abused its discretion when it denied Mackey's motion to reconsider without considering his argument to terminate the referral. The district court was obligated to address Mackey's argument to "correct what he deems to be

2

an error by the U.S. Attorney of [referring] . . . the . . . court-ordered fine" in order to determine whether the Justice Department could refer his debt and to determine the amount of that debt. The Justice Department may refer an outstanding fine to the Treasury Department to collect through its Treasury Offset Program. 31 U.S.C. § 3716; 31 C.F.R. § 285.5. But the debt must be "past due," 31 U.S.C. § 3716(c)(6)(A), and the Justice Department must, upon request of the debtor, conduct an administrative review, *id.* § 3716(a)(3); 28 C.F.R. § 11.12(d)(1)–(6), and give "written notice of its decision to the debtor," *id.* § 11.12(d)(6), before collecting through the offset program. The district court failed to consider Mackey's argument, raised in his motions to terminate and for reconsideration, that his fine was not past due because the collection process had been suspended. The district court also failed to consider whether the Justice Department complied with its obligations to conduct an administrative review and to give Mackey written notice of its decision.

It is also unclear whether the referral affected the amount of Mackey's debt. In 1999, the district court imposed a fine of $25,000, and a statement that the Bureau of Prisons issued in 2003 stated that Mackey owed $24, 919.33, but the Justice Department referred a debt of $31,119.33. Nothing in the record explains the additional $6,200 sought. Although the United States may charge penalties when a fine is delinquent or in default, *see* 18 U.S.C. §§ 3572(h), 3572(i), 3612(g),

3

it must notify the debtor of the delinquency or default, *id.* § 3612(d), (e), and there is nothing in the record to suggest that the United States provided notice to Mackey.

The United States argues that Mackey "was not denied the opportunity for review of his claims," "his claims were without merit," and he "failed to supply a legal defense to his enrollment," but these arguments are misplaced. Even if there were sufficient information in the record to support these arguments, we would leave them to the district court to address them in the first instance. Documents submitted by the United States establish only that it gave Mackey notice of the referral and that Mackey timely requested an administrative review.

The United States also argues that "there is no requirement under 31 U.S.C. § 3716 that the government respond to a defendant's unsupported claims," but the statute provides that a government agency "may collect by administrative offset only after giving the debtor . . . an opportunity for a review . . . of the decision" to refer. *Id.* § 3716(a)(3) 28 C.F.R. § 11.12(d)(1)–(6). The record does not reflect that the Justice Department conducted an administrative review.

We **VACATE** the order denying Mackey's motion for reconsideration, and we **REMAND** for the district court to consider Mackey's argument to terminate the referral.

**VACATED AND REMANDED.**

4